CARR ASSOCIATES, INC. *v.* GANT SHIRTMAKER, DIVISION OF CONSOLIDATED FOODS CORPORATION

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 86997

Memorandum filed October 27, 1971

*Evans & Evans,* of New Haven, for the plaintiff.

*Sachs, Sachs & Sachs,* of New Haven, for the defendant.

CIANO, J. The plaintiff is engaged in the business of a private employment recruiting service. In December, 1970, the defendant requested the plaintiff to

seek and present resumes for the position of a controller for the defendant. No written agreement was executed by the parties. The customary charge by the plaintiff was 20 percent of the annual compensation to be paid to the employee.

The plaintiff secured a person who was engaged by the defendant on March 1, 1971, as controller, at an annual salary of $22,500. The defendant was billed by the plaintiff on March 2, 1971, for its 'fee of $4500. The employee proved unsatisfactory. By mutual consent of the employer and the employee, the employment was terminated as of April 30, 1971.

These facts are undisputed. The dispute arises as to whether the plaintiff should receive the full fee of $4500 or, as claimed by the defendant, the sum of $389.43, in accordance with § 31-131 of the General Statutes,[1] or whether there was a ninety-day period of approval.

The plaintiff forwarded a letter on March 2, 1971, which stated that its full fee was "due when . . . [the employee] reports to work" and attached its invoice. The defendant made no response to this letter. There were several telephone calls by the plaintiff for its fee, but on each occasion the defendant indicated all invoices were payable within 30 days.

Section 31-131, cited by the defendant, has no application to the instant action. This section refers to "applicants" at employment agencies as employees

[1] "Sec. 31-131. FEE NOT COLLECTIBLE OR TO BE REFUNDED, WHEN. RECEIPT FOR FEE. AGREEMENTS WITH APPLICANT. . . . If an applicant obtains or accepts a situation or employment through the agency of a licensed person but does not remain in the situation or employment for longer than ten weeks, the applicant shall then be entitled to a refund or adjustment of that part of the fee paid or owing which is greater than ten per cent of the amount he has received as remuneration for that employment. . . ."

seeking employment who must enter into written contracts which are subject to state regulations concerning fees and terms of collectibility. In the instant action, the defendant is the employer who seeks the services of an employee.

There was no evidence that the parties had any intention to have a ninety-day period of trial employment or any other time period. The only terms are those expressed in the letter of March 2, 1971, to the defendant requesting the full fee, which letter the defendant did not dispute either by conduct or agreement. Therefore the defendant was obligated to pay the full fee when it engaged the employee.

The plaintiff may recover of the defendant the sum of $4500 together with interest from March 1, 1971, to date and costs.